# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARSHA NICHOLAS,

        Plaintiff,

v.                                                  No. 2:17-cv-00361-KRS-GJF

WINDSTREAM COMMUNICATIONS, LLC,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE

**THIS MATTER** comes before the Court on Plaintiff's motion to extend the expert disclosure deadline for two witnesses, Ronald Haugen, who will testify about Plaintiff's mental health and Mark McKinnon who will educate the jury on economic damages. (Doc. 34). Plaintiff concedes she did not formally designate Haugen before the October 2, 2017 deadline expired, but did produce his report. As for McKinnon, it appears Plaintiff neither timely identified him nor provided his report. Plaintiff asks the Court to overlook the noncompliance because her two attorneys each believed the other had submitted the necessary paperwork. Although Defendant accepts Plaintiff's justification as true, Defendant contends the excuse is insufficient to afford relief. The Court has reviewed the parties' submissions and considered the record. With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c), the Court exercises its discretion to extend the disclosure deadline.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 16 requires good cause for extending deadline in a scheduling order.[1] *See* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be

---

[1] Federal Rule of Civil Procedure 6(b), which also governs extending time, appears to require a movant to show "excusable neglect" if a deadline has passed *before* a movant seeks relief. Whether the standard is good cause or

modified only for good cause and with the judge's consent"); (Doc. 17) (requiring the Court "to approve any changes to the timing and scope of discovery"). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2015). Although the Court has "broad discretion in managing the pretrial schedule," the Tenth Circuit has cautioned that "a scheduling order can have an outcome-determinative effect on the case[.]" *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (citations and quotation omitted). As a result, strict enforcement that results in the exclusion of evidence is a "drastic sanction and total inflexibility is undesirable." *Id*. Four factors frame the Court's exercise of discretion: (1) "prejudice or surprise" to the non-movant; (2) the non-movant's ability to cure the prejudice; (3) the disruption to the order and efficiency of trial of the case or other cases; and (4) the movant's *scienter. Id.*

## DISCUSSION

Applying the four factors in this case, an extension of the scheduling order to allow for the disclosure of McKinnon[2] is warranted. Although the Court does not condone Plaintiff's counsel's failure to internally communicate and adequately monitor case deadlines, the sound exercise of discretion counsels against using the scheduling order as an inflexible tool to exclude expert testimony altogether.

### **Prejudice & Surprise**

In the parties' JSR, McKinnon was listed by Plaintiff as a "may-call" expert who would speak to Plaintiff's economic damages. (Doc. 13). Thus, Defendant had some idea McKinnon

---

excusable neglect, if the Court does not extend the scheduling order deadline, the effect would be exclusion of the challenged witnesses. As a result, the Court applies the four-factor test outlined below.

[2] It does not appear Defendant seriously objects to Haugen's late formal disclosure. To the extent Defendant contests the motion to extend for Haugen, there is no prejudice or surprise. Haugen was informally disclosed in August 2017 and since then deposed. Defendant further has filed a *Daubert* motion challenging Haugen's qualifications. Consequently, the Court does not address Haugen further.

might feature in the lawsuit and cannot feign real surprise. The Court agrees, however, that the purpose and substance of expert disclosures extends far beyond the designation Plaintiff made in the JSR. *See* Fed. R. Civ. P. 26(a)(B) & (D) (requiring by the deadline set in the scheduling order, a report from retained experts containing "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."). For that reason, failure to timely and properly disclose an expert requires exclusion unless "the failure was substantially justified." Fed. R. Civ. P. 37(c)(1).

      Defendant suggests that prejudice arises from the fact that discovery is closed, the report was not received on time, and the report itself is deficient. These points are all valid. The problem is, however, trial has not yet been scheduled, and Defendant does not argue that the deficiencies cannot be corrected and exclusion of McKinnon's report is the only fair result. *Cf. Rimbert*, 647 F.3d at 1254 (explaining that "here, the single most important fact about the posture . . . is that, at the time [the motion to extend] was made, there was no longer any impending trial date or pretrial schedule remaining"). Moreover, Defendant's claim that it is now left with McKinnon's report as Plaintiff's computation of damages means Defendant did not avail itself of remedies under Rule 37(c)(1) for deficient initial-disclosures. *See* Fed. R. Civ. P. 26(a)(1)(iii). Even after receiving McKinnon's late disclosure, which the Court agrees Plaintiff will likely need to correct, *see*, *e.g.,* Fed. R. Civ. P. 26(a)(2)(B)(iii)-(vi) (requiring more than just a report), the motions cutoff had not elapsed. Defendant did not seek exclusion or to compel a proper disclosure. In sum, the surprise-and-prejudice factor weighs in favor of extension.

### Ability to Cure Prejudice

At the time of McKinnon's disclosure, Defendant was within the timeframe for moving to compel under Rule 37 to force Plaintiff to correct any deficiencies or, as mentioned above, to exclude McKinnon altogether. Moreover, discovery was still open after McKinnon's designation. As a result, while the Court is cognizant that a timely and compliant expert report might obviate the need for a deposition, Defendant could have deposed McKinnon to alleviate some prejudice. True, at the time, Defendant could no longer designate a rebuttal expert under the scheduling order, but the Court may remedy any prejudice by extending discovery and allowing Defendant to retain an additional expert should it choose to. *See Rimbert*, 647 F.3d at 1255 (explaining "there is no reason the district court could not provide ample opportunity for [Defendant] to test the opinions of the . . . expert witness, review the witness's reports, depose the new witness, and adequately defend against that expert at trial"). Thus, this factor does not preclude relief.

### Disruption

The Court endeavors to dispose of the matters before it expeditiously. Nonetheless, since there is no trial scheduling order in place, disruptions will be minimal and the Court can accommodate a modest delay in the proceedings. Thus, there is no discernable issue under this prong of the analysis.

### Bad Faith

The Court does not condone counsel's inadvertence and inattention to the case management deadlines. Had a trial been scheduled and imminent, the Court may well have been compelled to deny the motion, which could have had dire consequences for the presentation of Plaintiff's case. However, the Court also recognizes that Plaintiff's counsel immediately disclosed the information to the Court and opposing counsel. Thus, while the Court would

expect that in the future that counsel will examine and correct internal procedures to prevent a reoccurrence, the Court determines that counsel promptly took ownership of the mistake and did not act in bad faith or with dilatory purpose.

## CONCLUSION

For the reasons above, a modest extension of the scheduling order is appropriate. **IT IS, THEREFORE, ORDERED** that Plaintiff's motion is **GRANTED** and Plaintiff's late disclosures are accepted as timely.

**IT IS FURTHER ORDERED** that discovery is reopened until **April 6, 2018** to permit Defendant to depose McKinnon and to disclose any rebuttal expert.

**IT IS FURTHER ORDERED** that the deadline for filing motions related to discovery is extended until **March 19, 2018** to allow Defendant to challenge the sufficiency of McKinnon's disclosure.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent